IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY LEE CLIFTON, </br></br> Petitioner, </br></br> v. </br></br> DERRICK SCHOFIELD, Commissioner, </br> Tennessee Department of Correction, et al., </br></br> Respondents. | Case No. 1:15-cv-01189-JDB-egb |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 AS MOOT**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") filed by *pro se* Petitioner Terry Lee Clifton, Tennessee Department of Correction number 100826, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. (§ 2241 Pet., *Clifton v. Schofield*, No. 1:15-cv-01189-JDB-egb (W.D. Tenn.), Electronic Case Filing ("ECF") No. 1.)

### A. ANALYSIS OF PETITIONER'S CLAIMS

On March 19, 2015, Clifton filed a Motion to Amend his § 2241 Petition, pursuant to Rule 15(a), Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Rules Governing Section 2254 in the United States District Courts. (Mot. to Am., *id.*, ECF No. 22.) Specifically, Clifton requests that the Court allow him to: (1) "amend and to supplemented [sic] his writ of habeas corpus . . . to add additional grounds for relief;" (2) "re-litigated [sic] the procedural history and background of this case;" (3) convert . . . this petition from a 28 U.S.C. && [sic] 2241 action to a 2254 petition." (*Id.* at Page ID 549.) In the amended § 2241 Petition, Clifton seeks to raise

1

several grounds for relief involving due process and equal protection violations stemming from his parole review hearing before the Tennessee Board of Probation and Parole on March 31, 2011 and April 9, 2013 ("Tennessee Parole Board"). (Am. § 2254 Pet., *id.*, ECF No. 22-1.)

In a companion case before this Court, *Clifton v. Easterling*, No. 1:11-cv-01347-JDB-egb (W.D. Tenn.), Clifton challenged the decision of the Tennessee Parole Board to revoke his parole following the hearing in 2011. (Am. Pet. for Writ of Habeas Corpus, *id.*, Page ID 2278, ECF No. 64-1.) On November 20, 2015, Clifton filed a Motion for Summary Judgment arguing that he "has been imprisoned for more than five years in connection with parole revocation proceedings that did not even approach, must less meet, the minimum requirements of due process or standards of reliability." (Pet'r's Mot. for Summary J., *id.*, Page ID 2420, ECF No. 73.) On March 8, 2016, this Court granted Clifton's Motion for Summary Judgment and ordered the Tennessee Parole Board to conduct a new parole revocation hearing within sixty days. (Order Granting Mot. for Summary J., *id.*, ECF No. 81.)

Petitioner has been granted a new hearing before the Parole Board to address his due process and equal protection violation claims on the revocation of his parole. Allowing this § 2241 petition to proceed in the judicial process would only prove to be duplicative. Therefore, based on this Court's decision in *Clifton v. Easterling*, and the identical nature of the grounds for relief in this case and in *Clifton v. Easterling*, the Court DENIES the instant Petition as MOOT.

Because Clifton's Petition has been denied, all other pending motions herein are also DENIED as MOOT.

### B. APPEAL ISSUES

A federal prisoner who files a petition pursuant to 28 U.S.C. § 2241 challenging his federal

custody need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*. 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rules of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to proceed *in forma pauperis* is DENIED.[1]

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED on this 10th day of March 2016.

                                            s/ J. DANIEL BREEN  
                                            CHIEF UNITED STATES DISTRICT JUDGE