IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY LEE CLIFTON,

    Petitioner,

v.                                                 No. 1:15-cv-01189-JDB-egb

DERRICK SCHOFIELD, et al.,

    Respondents.

## ORDER DENYING POST-JUDGMENT MOTIONS

Before the Court are the post-judgment motions of Petitioner, Terry Lee Clifton, for relief from judgment (ECF No. 35) and for leave to file claims under 28 U.S.C. § 2254. (ECF Nos. 36 and 37.) For the reasons that follow, the motions are DENIED.

On July 18, 2014, Clifton filed a habeas corpus petition under 28 U.S.C. § 2241 raising constitutional challenges to his custody pursuant to a parole revocation. (ECF No. 1.) On March 10, 2016, the Court denied the petition as moot because Clifton was granted a new parole revocation hearing in his companion case. (ECF No. 34) (citing *Clifton v. Easterling*, No. 11-cv-1347, ECF No. 81.) The Court entered judgment in this case on March 11, 2016. (ECF No. 34.)

On April 18, 2016, Petitioner filed a motion to reconsider the order denying the petition. (ECF No. 35.) Clifton requests that the case be reopened to allow him to add a claim that his September 30, 2015, pre-parole rescission hearing violated his right to due process. Because Petitioner filed his motion more than a month after entry of the order and judgment, and because he does not actually argue for reconsideration of the order, but instead seeks relief from the judgment so that he may pursue an additional claim, the Court construes Petitioner's motion to reconsider as a motion under Federal Rule of Civil Procedure 60(b). Under Rule 60(b),

> "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Clifton's desire to add a claim relating to a 2015 parole hearing is not a ground warranting relief from judgment. Moreover, Clifton's new claim is moot for the same reason that his original claim is moot: in his companion case, the Court found that Clifton was entitled to a new revocation hearing. The issue raised in Petitioner's motion is moot for the additional reason that the Tennessee Board of Parole subsequently granted Clifton release onto parole. (*See Clifton v. Easterling*, No. 11-cv-1347, ECF No. 98.) A search of the Tennessee Felony Offender website confirms that Clifton is currently on parole. For all of these reasons, Petitioner's motion is DENIED.

The motions for leave to file § 2254 claims are also DENIED. If Clifton still wishes to pursue his § 2254 claims, he must do so by initiating a new case and paying the filing fee, or seeking leave to proceed *in forma pauperis*.

IT IS SO ORDERED, this 28th day of February, 2017.

                                         **s/ J. Daniel Breen**
                                         CHIEF UNITED STATES DISTRICT JUDGE